UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. SACV 08-00940-CJC(MLGx)            Date: January 28, 2009

Title: <u>DARIAN JAMESON ET AL. V. ELECTRONIC DATA SYSTEMS CORPORATION ET AL.</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Michelle Urie</u>            <u>    N/A    </u>
Deputy Clerk            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present            None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE** [filed 12/24/08]

       Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* FED. R. CIV. P. 78; LOCAL RULE 7-15. Accordingly, the hearing set for February 2, 2009 at 1:30 p.m. is hereby vacated and off calendar.

       Plaintiffs Darian Jameson, Daniel George, and Eric Rivera (collectively "Plaintiffs") initiated this class action against Defendant Electronic Data Systems Corporation ("EDS") on July 16, 2008. Plaintiffs seek unpaid overtime on behalf of a putative class defined as personnel "performing computer related services to EDS." (Compl. ¶ 14.) EDS now moves to either stay or dismiss this action pursuant to the first-to-file rule. EDS argues that because the Plaintiffs' proposed class and the legal issues raised in this action substantially overlap with other pending or previously ruled-upon matters both within this district and in other districts, dismissal is appropriate. Plaintiffs have filed no opposition to EDS's motion. For the following reasons, EDS's motion to dismiss without prejudice is GRANTED.

       The first-to-file rule is a "generally recognized doctrine of federal comity" that allows district courts to decline jurisdiction over an action when a complaint involving the same parties and issues has been previously filed in another district. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). In applying the rule, the district court should

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-00940-CJC(MLGx)                  Date: January 28, 2009

                                                                                                                              Page 2

---

consider: (1) the chronology of the action; (2) the similarity of the parties; and (3) the similarity of the issues. *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.,* 179 F.R.D. 264, 270 (C.D. Cal. 1998). "The 'first to file' rule normally serves the purpose of promoting efficiency well and should not be disregarded lightly." *Church of Scientology of Cal. v. U. S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979).

       Each of the relevant factors militates in favor of dismissing this action. First, EDS points to four cases that pre-date the instant class action: (1) *Cunningham v. Electronic Data Systems Corp.*, No. 06 CV 3530 (S.D.N.Y.), filed May 10, 2006; (2) *Heffelfinger v. Electronic Data Systems Corp.*, No. 07 CV 00101 (C.D. Cal.), filed November 28, 2006; (3) *Cram v. Electronic Data Systems Corp.*, No. 07 CV 1842 (S.D. Cal.), filed August 21, 2007; and (4) *Steavans v. Electronic Data Systems Corp.*, No. 07 CV 14536 (E.D. Mich.), filed October 23, 2007. (Def.'s Mot. Exs. B, C, E, G.) Plaintiffs did not file their complaint until July 16, 2008. (*Id.* Ex. A.) With respect to the parties, there is substantial similarity. EDS is named as a defendant in each case. The classes of plaintiffs are also substantially similar to the instant case. The Plaintiffs' proposed class is personnel "performing computer related services to EDS." (Compl. ¶ 14.) The classes *Cunningham* and *Steavens*, which encompass "all persons who are or were formerly employed by" EDS and "technical support workers" who did not receive overtime, respectively, cover the same employees covered by Plaintiffs' proposed class. (*Id.* Exs. B, G.) And in *Heffelfinger*, EDS was granted summary judgment with respect to a class that encompasses an even larger group of technical employees than Plaintiffs' proposed class. (*Id.* Ex. D.) Finally, the issues in these cases are substantially similar. Plaintiffs allege violations of the California Labor Code. The other previously filed actions involve claims for overtime wages under the federal Fair Labor Standards Act or California state wage and hour law. The overtime exemptions at issue in this case are substantially similar to the federal regulations under the Fair Labor Standards Act. *See Combs v. Skyriver Commc'ns, Inc.*, 159 Cal. App. 4th 1242, 1255 (Cal. Ct. App. 2008). Given the substantial similarities between the parties and issues in these actions, judicial economy and comity require that the Court decline to exercise jurisdiction pending resolution of the previously filed actions.

law

MINUTES FORM 11
CIVIL-GEN                                                                                  Initials of Deputy Clerk mu